22-1019-cv
*Washington v. Rogozinski*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of October, two thousand twenty-three.

Present:

> PIERRE N. LEVAL,
> SUSAN L. CARNEY,
> WILLIAM J. NARDINI,
>     *Circuit Judges*.

---

MELVIN C. WASHINGTON,

    *Plaintiff-Appellee*,

    v.                                       22-1019-cv

BLAIN J. ROGOZINSKI, JONATHAN DAVIS,

    *Defendants-Appellants*.

---

| | |
|---|---|
| For Plaintiff-Appellee: | RAYMOND P. TOLENTINO, Kaplan Hecker & Fink LLP, Washington, DC |
| For Defendants-Appellants: | JOHN F. DIAKUN, New Britain Corporation Counsel, New Britain, CT |

Appeal from an order of the United States District Court for the District of Connecticut (Alfred V. Covello, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Defendants-Appellants, police officers, Blain Rogozinski and Jonathan Davis (the "Officers") appeal from an order of the United States District Court for the District of Connecticut (Alfred V. Covello, *District Judge*), entered on March 22, 2022, granting in part and denying in part the Officers' motion for summary judgment. As relevant here, Plaintiff-Appellee Melvin Washington sued the Officers under 42 U.S.C. § 1983 for false arrest, malicious prosecution, unlawful search and seizure, and excessive force. The claims arose from an altercation between Washington and three employees of the Hospital of Central Connecticut—Wilfredo Rodriguez, Connor Hourigan, and an unidentified parking lot attendant—which ultimately resulted in the Officers arresting Washington, charging him with assault on a public safety officer and second-degree breach of the peace, and searching him both at the hospital and the police station. The Officers moved for summary judgment based on qualified immunity, which the district court denied with respect to the relevant claims, finding that genuine disputes of material fact existed that precluded a determination of whether qualified immunity applied as a matter of law. The Officers filed notice of this interlocutory appeal. We assume the parties' familiarity with the case.

"The denial of a motion for summary judgment is normally not immediately appealable because such a decision is not a final judgment." *Jones v. Parmley*, 465 F.3d 46, 54 (2d Cir. 2006).[1] However, "[u]nder the collateral order doctrine . . . the denial of a qualified-immunity-based motion for summary judgment is immediately appealable to the extent that the district court has denied the motion as a matter of law, although not to the extent that the defense turns solely

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

on the resolution of questions of fact." *Id.* In other words, when "there remains a genuine factual dispute, the existence of qualified immunity cannot be determined until the factual dispute is resolved. And an appellate court lacks jurisdiction to review a denial of qualified immunity by a district court based on the existence of such a factual dispute." *Franco v. Gunsalus*, 972 F.3d 170, 174 (2d Cir. 2020).

We lack appellate jurisdiction to hear the Officers' interlocutory appeal. The district court concluded "that, in light of the parties['] disparate versions of the events in question, there [we]re disputed issues of fact" that needed to be resolved at trial before it could determine whether qualified immunity applied to the Officers' actions. *Washington v. Rogozinski*, No. 20-cv-1499, 2022 WL 1446943, at *11 (D. Conn. Mar. 22, 2022). Because the district court concluded that genuine issues of material fact exist, we cannot assess on an interlocutory appeal whether the district court erred in drawing that conclusion by relying on certain non-competent evidence.

One narrow avenue for the Officers to overcome this jurisdictional bar would be to "accept[] the plaintiffs' version of the facts for purposes of the appeal . . . [and] argu[e] that the facts asserted by the plaintiffs entitle them to the defense of qualified immunity as a matter of law." *Jones*, 465 F.3d at 55; *see Franco*, 972 F.3d at 174. Indeed, the Officers assert that they are doing so here. *See, e.g.*, Appellants' Br. at 3, 13. But a careful review of their brief shows that the Officers do not actually accept Washington's version of events for purposes of this appeal. For example, the Officers argue in their brief that Rodriguez informed the Officers during their investigation that Washington was heckling Rodriguez and that Washington "struck him . . . with a plow stick." *Id.* at 4. However, according to Washington, the Officers did not even interview Rodriguez during the investigation. *See* App'x at 119. Furthermore, the Officers acknowledge that, according to Washington, Hourigan told the Officers that Rodriguez was the aggressor, not

3

Washington, but the Officers dispute the accuracy of that account. *Compare* Appellants' Br. at 8–9, *with* App'x at 124, 147. We have no jurisdiction to assess whether the Officers are entitled to qualified immunity as a matter of law because they do not present their argument based on Washington's version of events, drawing all inferences in his favor.

\* \* \*

For the reasons stated above, we **DISMISS** the appeal for lack of jurisdiction.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk